UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 09-11800-RWZ

PATRICIA PINA

v.

THOMAS MORRIS, *et al.*

<u>ORDER</u>

August 26, 2010

ZOBEL, D.J.

Plaintiff Patricia Pina ("Pina") brings this action against defendants Thomas

Morris, Janice Boyle, Monica Coven, and Lori Miranda for violations of her federal and

state constitutional rights.  Pina alleges that, as part of their duties in enforcing

conditions of Pina's probation, defendants conducted repeated illegal searches of her

residence without reasonable suspicion or probable cause in violation of 42 U.S.C. §

1983 and the Massachusetts Civil Rights Act, Mass. Gen. Laws ch. 12 § 11I.

Now pending is defendant Miranda's motion to dismiss (Docket # 13), along with

defendants Morris, Boyle, and Coven's joint motion to dismiss (Docket # 15).

**I.    Factual and Procedural Background**

In April 2007, Pina was convicted after jury trial of 45 counts of animal cruelty for

keeping malnourished horses, five of which subsequently died, at her property in

Plymouth County.  She was sentenced to two concurrent one-year terms, and was

incarcerated at MCI-Framingham.  The Appeals Court affirmed her conviction and

sentence.  See Commonwealth v. Pina, No. 08-P-133 (Appeals Ct. June 12, 2009). As part of its sentence, the district court also imposed a period of probation which included certain conditions.  One such condition was that Pina not have any animals in her care or possession, and that she submit to random inspections of her residence by the Massachusetts Society for Prevention of Cruelty to Animals ("MSPCA") to ensure her compliance.  Defendants Morris, Coven, and Boyle were employees of the probation department; defendant Miranda was an employee of the MSPCA.  Between May 2007 and August 2009, on at least three occasions, some or all defendants conducted searches of Pina's home and property.

Following the third search in September 2008, plaintiff filed a motion with the district court seeking a ruling that neither the probation department nor the MSPCA had the right to conduct suspicionless searches of the property.  The district court did not rule on the motion.  However, in its order affirming plaintiff's conviction and sentence, the Massachusetts Appeals Court addressed the issue.  See Commonwealth v. Pina, No. 08-P-133 (Mass. App. Ct. June 12, 2009).  The court concluded, "[] defendant is correct that the order does not specify a reasonable suspicion requirement to perform the warrantless searches.  We, however, assume that the judge was familiar with the law requiring a probation officer to have reasonable suspicion before performing a warrantless search, [] and that such a condition was impliedly part of the order of probation here."  Id. (internal citation omitted).

Plaintiff brought suit against defendants Miranda, Morris, and Boyle in both their individual and official capacities, and against defendant Coven, only in her official

2

capacity.  All defendants now move to dismiss.

## II.    Legal Analysis

### A.    Individual Capacity Claims

First, defendant Miranda has moved to dismiss claims brought against her in her

individual capacity on the ground that she is entitled to "absolute quasi-judicial

immunity" because her inspections were conducted pursuant to a court order.

In general, judges are entitled to absolute immunity from suits for monetary

damages for all actions taken in their judicial capacity, unless those actions are taken

in the absence of any jurisdiction.  See Pierson v. Ray, 386 U.S. 547, 553-555 (1967).

Officials enforcing facially valid judicial orders have been held to qualify for

absolute immunity.  This absolute immunity has also been extended to non-judicial

officials when their official duties have "an integral relationship with the judicial

process." Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994).  See also Rivera v.

Algarin, 350 Fed. Appx. 703, 709-710 (3d Cir. 2009) (prison warden entitled to absolute

immunity from § 1983 suit where warden detained plaintiff prisoner pursuant to facially

valid warrant issued by governor for extradition to another state).  Such absolute

immunity generally protects those who make judgments "'functional[ly] comparab[le]' to

those of judges" and who "'exercise a discretionary judgment' as part of their function."

Antoine v. Byers & Anderson, Inc., 508 U.S. 429, 113 S.Ct. 2167, 2171 (1993) (quoting

Imbler v. Pachtman, 424 U.S. 409, 423 n. 20 (1976)).

Plaintiff is correct that under Massachusetts state law, a probation officer must

3

have reasonable suspicion before performing a warrantless search.  See

Commonwealth v. Pina, No. 08-P-133 (Mass. App. Ct. June 12, 2009) (citing

Commonwealth v. LaFrance, 402 Mass. 789, 790 (1988)).[1]  However, defendant cites

no case holding that probation officers or individuals are entitled to absolute immunity

for enforcing a probation order.  While defendant relied upon a facially valid order and

may be entitled to qualified immunity on that basis, see Rowe v. Carson, 911 F. Supp.

389, 394 (D. Neb. 1996), defendant did not move to dismiss on that ground.  Rather,

defendant conceded that a qualified immunity claim is improper at this stage due to the

factual nature of the inquiry required to assess such a claim.

Accordingly, defendant Miranda's motion to dismiss (Docket # 13) the claims

against her in her individual capacity is denied.

###    B.      Official Capacity Claims

Plaintiff further sues defendants Miranda, Morris, Boyle, and Coven in their

respective official capacities for both monetary and injunctive relief.  Defendant

Miranda moves to dismiss these claims on the ground that they are prohibited by both §

1983 and the Massachusetts Civil Rights Act.  Morris, Boyle, and Coven seek dismissal

on the grounds that such official capacity claims are barred by the Eleventh

Amendment.                        1.      Claims for Monetary Relief

It is well settled "that neither a state agency nor a state official acting in his

_____

[1]While not raised by either party, this is not the case under the Fourth
Amendment to the federal Constitution.  See Samson v. California, 547 U.S. 843, 851
(2006) (holding that suspicionless search of state parolee did not violate the Fourth
Amendment).

official capacity may be sued for damages in a section 1983 action." <u>Wang v. New</u>

<u>Hampshire Bd. of Reg. in Med.</u>, 55 F.3d 698, 700 (1st Cir. 1995) (internal citations

omitted).  Such suits are barred by the Eleventh Amendment because any award

against defendants would be paid from state coffers.  <u>See</u> <u>Ford Motor Co. v. Dep't of</u>

<u>the Treasury</u>, 323 U.S. 459, 464 (1945) ("[W]hen the action is in essence one for the

recovery of money from the state, the state is the real, substantial party in interest and

is entitled to invoke its sovereign immunity from suit even though individual officers are

nominal defendants.").  Section 1983 does not override Eleventh Amendment immunity.

 <u>See</u> <u>Quern v. Jordan</u>, 440 U.S. 332, 342 (1979).[2]  The same grant of immunity from

suit applies to actions brought under the Massachusetts Civil Rights Act.  <u>See</u>

<u>Commonwealth v. Elm Medical Laboratories, Inc.</u>, 33 Mass. App. Ct. 71, 76 (1992).

Thus, claims for monetary damages against defendants acting as officers of the state

do not lie.

### 2.      Claims for Injunctive Relief

Finally, plaintiff also seeks to enjoin defendants from conducting suspicionless

searches in the future.[3]  While the Eleventh Amendment, as noted above, bars suits

---

[2]This immunity extends to individuals such as Miranda, who, as an agent of a
humane society, was appointed as a special officer by the Colonel of the
Massachusetts State Police.  <u>See</u> Mass. Gen. Laws ch. 22C §57.  <u>See</u> <u>also</u> <u>Temple v.</u>
<u>Albert</u>, 719 F. Supp. 265, 267 (S.D.N.Y. 1989) (holding that Special Patrolmen acting
pursuant to a statutory grant of police power are sufficiently controlled by the state to
be properly characterized as acting under color of state law).

[3]Defendants contend that Morris is currently retired from the Probation
Department.  If so, plaintiff's claims against Morris in his official capacity are mooted.
Plaintiff seeks to substitute the current Chief of Probation, which is allowed.  This order
applies to the current Chief of Probation.

against state officials for monetary damages, "a plaintiff may sue a state official acting in his official capacity – notwithstanding the Eleventh Amendment – for prospective, injunctive relief from violations of federal law."  <u>In re Deposit Ins. Agency</u>, 482 F.3d 612, 617 (2d Cir. 2007) (internal quotation marks omitted).  Accordingly, plaintiff's claims for prospective relief against defendants in their official capacities survive defendants' respective motions to dismiss.

## III.    Conclusion

For the reasons discussed above, defendant Miranda's Motion to Dismiss (Docket # 13) is ALLOWED IN PART and DENIED IN PART.  Defendants Morris, Boyle and Coven's Motion to Dismiss (Docket # 15) is also ALLOWED IN PART and DENIED IN PART.


    August 26, 2010                       /s/Rya W. Zobel
DATE                                      RYA W. ZOBEL
UNITED STATES DISTRICT JUDGE